**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ALPHONZA KIRKSEY** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 8:24-cv-03036-LKG** |
| **v.** | ) | |
| | ) | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S ("WMATA") STATEMENT OF MATERIAL FACTS NOT IN DISPUTE[1]**

1. On November 2, 2021, Howard Gopie, Hiring Manager for the Compliance Quality Officer position, selects Youlanda Merchant and Tim Sutton for the two available Compliance Quality Officer positions. *See* Ex. 1: November 2, 2021, Selection Memorandum for Compliance Quality Officer, Bates No. 000064-000068, ECF No. 39-2.

2. Tim Sutton did not accept one of the Compliance Quality Officer positions under Gopie and never worked for WMATA. Gopie Dep. 48:6-20, ECF No. 39-19.

3. Youlanda Merchant, who was born in Washington, D.C., accepted the other Compliance Quality Officer positions under Gopie. Gopie Dep. 48:6-20, 65:5-14, ECF No. 39-19.

4. Kirksey was not selected to interview for the Compliance Quality Officer position because he did not meet the minimum requirements for the position. *See* Ex.

[1] The following facts are undisputed for the purpose of this motion only.

2: Report of Investigation ("ROI") #2022-000013, ECF No. 39- 3, pg. 19-20, 24.

5. The person who made the decision not to forward Kirksey's resume for an interview for the Compliance Quality Officer position was Lawrence Allen, the internal recruiter in WMATA's HR Talent Acquisition department. *See* Ex. 2: Report of Investigation ("ROI") #2022-000013, ECF No. 39- 3, pg. 18-24; *see also* Gopie Depo. 41:2-21, ECF No. 39-19.

6. Kirksey was selected over Kirksey for the Quality Control Engineer position because Dunkley had an engineering degree and answered the interview questions very well. Baldassano Dep., 65:1-22-67:1-14, ECF No. 39-20; *see also* Ex. 2: Report of Investigation ("ROI") #2022-000013, ECF No. 39- 3, pg. 24.

7. Stephen Baldassano was the Hiring Manager for the Quality Compliance Engineer position. *See* Baldassano Dep. 15:11-11, ECF No. 39-20.

8. Ryan Dunkley was hired by Mr. Baldassano for the Quality Compliance Engineer position. Baldassano Dep, 64:9-18-65:14-18, ECF No. 39-20.

9. On February 18, 2022 (and again on May 10, 2022), Kirksey filed two internal complaints of national origin discrimination with WMATA's Office of Equal Employment Opportunity ("WMATA OEEO") alleging that he was not selected to the Quality Compliance Officer position, the Quality Compliance Engineer position, nor the LS-9 shift supervisor position because he was born in the United States. *See* Ex. 2: Report of Investigation ("ROI") #2022-000013, ECF No. 39- 3, pg. 1.

10. On May 16, 2022, eight individuals, not including Kirksey, are selected for the Assistant Superintendent Car Inspection position. *See* Ex. 3, Asst. Sup. Car. Insp. Recruitment Memo., Bates No. 000402-000406, pgs. 7-10, ECF No. 39-4.

11. Kirksey was not selected for the Assistant Superintendent Car Inspection position because he received a total interview score of 2.78, which was not one of the eight highest combined interview scores. The eight candidates who received the highest combined interview scores were selected for the eight available positions. *See* Ex. 3, Asst. Sup. Car. Insp. Recruitment Memo., Bates No. 000398-000400, pgs. 3-5, ECF No. 39-4; *see also* Despertt Dep. 29:1-11-34:1-22, ECF No. 39-21.

12. On June 20, 2022, Kirksey files Charge of Discrimination #570-2022-02350 with the EEOC alleging race, gender, and national origin discrimination, as well as retaliation. *See* EEOC Charge of Discrimination #570-2022-02350, KIR-00272-00274, ECF No. 39-5.

13. On September 19, 2022, OEEO Senior Civil Rights Specialist Donald King issued a report on the internal investigation into Kirksey's allegations of national origin discrimination and retaliation as lacking evidence to support his allegations. *See* Ex. 2: Report of Investigation ("ROI") #2022-000013, ECF No. 39-3, pgs. 1-26.

14. Kirksey is promoted to Maintenance Manager in the Maintenance Operations Center ("MOC") on or about January 15, 2023. *See* Ex. 5: May 1, 2024, Letter of Expectation, Bates No. 000095, ECF No. 39-6.

15. Joshua Paulk, Superintendent of Power Operations, issues Kirksey a Letter of Expectations on May 1, 2024, to address non-compliance of a myriad of managerial responsibilities, and his performance was placed under observation for thirty (30) days. *See* Ex. 5: May 1, 2024, Letter of Expectation, Bates No. 00095-00098, ECF No. 39-6.

16. On or about May 2024, Kirksey's shift was changed from the evening shift (2pm to 10pm) to the overnight shift (10pm to 6am). The reason given was operational need and staffing. *See* Paulk Dep. 50:3-10, Nov. 3, 2025, ECF No. 39-28.

17. On June 14, 2024, in response to a June 3, 2024, email from Paulk to Kirksey and Jibril Jeter requesting their preferred shifts, Kirksey writes an email to Josuha Paulk, Kirksey's second level supervisor, requesting a return to the evening shift. *See* Ex. 6: June 3, 2024 & June 14, 2024, Email, 000086-87, ECF No. 39-7.

18. On July 19, 2024, Kirksey gives deposition testimony in *Mack v. WMATA*, a lawsuit filed by Kevin Mack alleging, among other things, national origin discrimination in WMATA's Office of Car Maintenance (CMNT). *See* Ex. Kirksey Dep., Title Page, July 19, 2024, ECF No. 39-26.

19. Paulk is not aware that Kirksey gave testimony in *Mack v. WMATA*. Paulk Dep. 76:15-17, 79:5-10, 79:20-22-80:1-6, ECF No. 39-28.

20. On September 10, 2024, Kirksey writes an email to Paulk expressing a desire to return to the evening shift, which Kirksey believes was promised to him in June 2024. *See* Ex. 6: Sept. 10, 2024, Email from Kirksey, 000085-86, ECF. No. 39-7.

21. On September 12, 2024, Paulk responds to Kirksey's September 10, 2024, email that due to staffing issues, he was unable to return Kirksey back to the evening shift, but in that same email, Paulk suggested that Kirksey seek an accommodation from WMATA's Office of Health and Wellness ("OHAW") to request an accommodation for his health condition. *See* Ex. 6: Sept. 12, 2024, Email from Paulk, 000084-85, ECF No. 39-7.

22. On October 2, 2024, a conversation takes place between Paulk and Kirksey about complaints by Kirksey's coworkers concerning the latter's disrespectful and unprofessional behavior. *See* Ex. 7: Oct. 22, 2024, Professional Behavior and Conduct Memorandum, Bates No. 000118-000119, ECF No. 39-8.

23. On October 7, 2024, Paulk receives another complaint about Kirksey's behavior by one of Kirksey's subordinates. *See* Ex. 7: Oct. 22, 2024, Professional Behavior and Conduct Memorandum, ECF No. 39-8.

24. On October 10, 2024, Kirksey is observed by coworkers sleeping on duty on October 8-11, 2024. *See* Ex. 8: October 22, 2024, Power/Maintenance Performance Discrepancy Form, KIR-01084-01086, ECF No. 39-9; *see also* Ex. 14: Jan. 9, 2024, Termination Memorandum, Bates No. 000082-000083, ECF No. 39-15.

25. On October 22, 2024, Kirksey's immediate supervisor, Jennifer Bell, issued him a 10-working day suspension for sleeping while on duty in violation of WMATA Metrorail Operating Rulebook Rule (MOR) 1.8.2.1. *See* Ex. 8: October 22, 2024, Power/Maintenance Performance Discrepancy Form, KIR-01084-01086, ECF No. 39-9.

26. Also on October 22, 2024, Paulk issues Kirksey a Professional Behavior and Conduct Memorandum that documents continued complaints about Kirksey's disrespectful and unprofessional behavior in his interactions with co-workers and subordinates and a failure to address those concerns, Kirksey is told to enroll in management classes by November 1, 2024. *See* Ex. 7: Oct. 22, 2024, Professional Behavior and Conduct Memorandum, Bates No. 000118-000119, ECF No. 39-8.

27. On October 25, 2024, in response to Kirksey's accommodation request,

WMATA's Office of Health and Wellness ("OHAW") sends Kirksey four documents for him to review regarding his accommodation request, including the ADA Policy and documents needed to process the accommodation request. *See* Ex. 9: Oct. 25, 2024, Email from OHAW to Kirksey, Bates No. 000109-000110, ECF No. 39-10.

28. Kirksey failed to enroll in the requested management courses by November 1, 2024, deadline. *See* Paulk Dep. 179:18-181:1-17, ECF No. 39-28.

29. Kirksey submits his official ADA request on the required ADA Request Form on November 19, 2024. *See* Ex.10: Kirksey Accommodation Request, Bates No. 000099-000101, ECF No. 39-11.

30. It is reported that Kirksey is observed by coworkers sleeping while on duty on November 19 and 27, 2024. *See* Ex. 14: Jan. 9, 2024, Termination Memorandum, Bates No. 000082-000083, ECF No. 39-15.

31. On November 22, 2024, Paulk sends OHAW ADA Compliance Specialist Tamia Gooch a response memorandum stating that management is unable to offer Kirksey the evening shift as an accommodation, but management is willing to offer Kirksey the day shift (6am-2pm) as an alternative accommodation. On that shift, Kirksey would report directly to Paulk. *See* Ex. 11: Nov. 22, 2022, ADA Accommodation Request-Alphonza Kirksey Memorandum from Paulk to Gooch, Bates No. 000105, ECF No. 39-12.

32. On December 9, 2024, ADA Compliance Specialist Gooch sends Kirksey a letter offering the day shift (6am-2pm) as an accommodation. The shift would start on December 15, 2024, and report directly to Paulk. *See* Ex 12: December 9, 2024, Accommodation Ltr. from ADA, Bates No. 000077, ECF No. 39-13.

33. On December 20, 2024, Kirksey appeals the December 9, 2024, ADA Determination claiming that the offer of the day shift as an alternative accommodation is unfair because he will be working directly under Paulk, who he claims had a "vendetta" against him. *See* Ex. 13: Kirksey ADA Appeal, Bates No. 00070-00071, ECF No. 39-14.

34. On January 9, 2025, Paulk terminates Kirksey from his Maintenance Manager position in the ROCC. In the termination memorandum, issues cited were the lack of observable improvement within the 30-day observation period in May 2024 and Kirksey continuing to sleep on duty. *See* Ex. 14: Jan. 9, 2024, Termination Memorandum, Bates No. 000082-000083, ECF No. 39-15.

35. Kirksey was allowed to use his union fall-back rights to remain a WMATA employee. He is currently a Car Maintenance mechanic back in CMNT. *See* Ex. 14: Jan. 9, 2024, Termination Memorandum, Bates No. 000082-000083, ECF No. 39-15.

36. MOR 1.8.2.1 states that while on duty, a Metrorail employee should not be "sleeping or appearing to sleep, including lying down, reclining, or covering eyes." See Ex.15: Screenshot of MOR Rule 1.8.2.1., ECF 39-16.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

*/s/ Michael K. Guss*
Michael K. Guss #465171
Senior Counsel
WMATA-Legal Dept.
P.O. Box 23768
Washington, D.C. 20026

Attorney for WMATA