IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| ALPHONZA CARL KIRKSEY<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>600 5TH ST., NW<br>Washington, DC 20001<br>Defendant. | ) | Civil Action No.: 24-cv-03036-LKG |

**PLAINTIFF'S MOTION TO STRIKE NON-COMPLIANT SUMMARY JUDGMENT MOTION AND STAY BRIEFING ON SUMMARY JUDGMENT MOTION**

Plaintiff, Alphonza Carl Kirksey, hereby moves to strike Defendant Washington Metropolitan Area Transit Authority's (WMATA's) July 27, 2026 Motion for Summary Judgment [Dkt 39 and 39-1] for failure to comply with this Court's January 26, 2025 Case Management Order (CMO). Plaintiff also moves for an order staying any further briefing on the non-compliant Motion for Summary Judgment, until the Court issues an order on this Motion to Strike. WMATA opposes the relief sought in this Motion.

This Court's January 26, 2025 Order could not have been clearer with respect to the mandatory procedure for filing motions for summary judgment. It provided:

> **B. Submission Of Exhibits/Joint Record**
>
> 1. In the event that a party files a motion for summary judgment, or the parties file cross-motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56, all parties shall cooperate to compile a joint statement of facts that are not disputed for the purposes of summary judgment. Such facts shall be submitted in a Joint Statement of Undisputed Facts and need not—and shall not—be supported with additional documentary evidence. The parties may stipulate to

facts, or to the authenticity, relevance, or admissibility of particular documents, for the purposes of summary judgment without prejudice to their ability to dispute such facts in good faith at later proceedings.

2. With respect to all other evidence to be considered on summary judgment, the parties shall submit a single, consolidated record (the "Joint Record"), as follows:

a. The party filing first shall compile any exhibits needed to support its position. All exhibits shall be provided in a clear format that includes the complete document, rather than an excerpt. All deposition transcripts shall be highlighted to identify the cited portions in a manner that allows both the highlighting and the highlighted text to be clear and easily seen as filed. Any lengthy documents (more than 10 pages) of which only certain portions are relevant shall be highlighted similarly. If only a *de minimis* portion of a document or deposition is necessary, the parties may seek permission to file only the first page of the document and the relevant portion.

b. All exhibits shall be produced in a clear, legible format. Photographic or photocopied exhibits must be included in their original format (color or black-and-white) and in sufficient quality and resolution that their contents are reasonably clear. Any documents that cannot be printed on standard 8.5"x11" paper must, to the extent possible, be placed in a folder or securely affixed to a page of paper or cardstock that is 8.5"x11".

c. The initial movant's exhibits shall be tabbed with exhibit numbers and each page shall be consecutively numbered (such as with a Bates stamp or equivalent method) so that, for example, the first page of exhibit two will bear the number immediately following the number of the last page in exhibit one, and so forth for all the exhibits. Each page submitted will therefore have a unique Joint Record ("J.R.") number.

d. No exhibits need be filed with the Court with the filing of the initial motion, but the exhibits shall be provided to the opposing party in a manner that allows them to cite to the exhibit and J.R. numbers used by the movant. All citations shall be to both the relevant exhibit and J.R. number. For citations to deposition transcripts with multiple pages of transcript on a single exhibit page, the original transcript page and relevant line numbers shall be provided in parentheses following the exhibit number and J.R. number.

e. The respondent/cross-movant shall not provide duplicates of any of the initial movant's exhibits but, to the extent necessary, shall cite to those same exhibits by exhibit and J.R. number. To the extent practicable,

> the respondent/cross-movant shall ensure that relevant portions of depositions or lengthy documents are highlighted even if those exhibits originally were provided by movant.
>
> f. If the respondent/cross-movant seeks to rely upon additional exhibits, or to submit any other materials, it shall do so in the same format as provided in paragraphs 2.a–d above. Respondent/cross-movant shall begin numbering its exhibits and its pages where movant's exhibits/pages left off. For example, if movant provides fifteen exhibits, numbered 1–15, and comprising pages 1–200, respondent/cross-movant should begin with exhibit 16, and the first page should be numbered 201.
>
> g. The same procedure shall be followed for exhibits relevant to subsequently filed memoranda, such as a reply or, if permitted by the Court, sur-reply memorandum.1
>
> h. If a party believes that it requires additional facts to oppose summary judgment pursuant to Federal Rule of Civil Procedure 56(d), it shall state those facts with particularity in an affidavit and include that affidavit as an exhibit in the Joint Record.
>
> i. Within seven (7) days of the filing of the final brief on the Motion, the parties shall jointly file the Joint Record, both electronically and in hard copy in a single, bound volume(s). Notwithstanding Local Rule 105.5, all exhibits shall be tabbed and indexed, and shall be bound along the left side in a three-ring binder.

WMATA's July 27, 2026 filing did not comply with *any* of these procedures. Defendant did not attempt to confer with Plaintiff regarding any agreed-upon facts, and did not file a joint statement of undisputed facts. Instead, WMATA filed a unilateral Statement of Material Facts Not in Dispute [Dkt. 39-1] (many of which are very much disputed), *and* it relies upon different factual assertions in its Motion [Dkt. 39] that are not contained anywhere in its unilateral Statement of Material Facts, and which are also disputed. By filing both a Motion and a separate Statement of Material Facts, WMATA also skirted the 30-page limit on such motions contained in the Local Rules. Similarly, WMATA did not adhere to the procedures for the handling of exhibits required by the Court in the CMO.

**ARGUMENT**

"Courts have broad discretion relating to matters of scheduling and case management." *Aegis Bus. Credit, LLC v. Brigade Holdings, Inc.*, No. 8:21-cv-00668-AAQ, 2023 U.S. Dist. LEXIS 4981, at *9 (D. Md. Jan. 10, 2023), citing *U.S. v. Allen*, 491 F.3d 178, 192 (4th Cir. 2007) (noting that "district courts possess wide discretion with regard to case management"). Courts in this jurisdiction and elsewhere have not hesitated to strike summary judgment filings when they fail to comply with the procedures and/or substance of case management orders or the local rules. See e.g., *Ross v. Brennan*, No. PWG-15-814, 2016 U.S. Dist. LEXIS 81763, at *1-2 n.1 (D. Md. June 23, 2016) (Grimm, J.) ("I previously treated this filing as his opposition to Defendant's motion and struck the portions of the filing moving for summary judgment for failure to comply with the Case Management Order, ECF No. 4"); *Rambus Inc. v. Hynix Semiconductor Inc.*, 628 F. Supp. 2d 1114, 1120-21 (N.D. Cal. 2008) (striking summary judgment filing where "[t]heir failure to comply with the court's case management order, however, forfeits their right to bring a summary judgment motion and precludes them from making their Novak arguments at this juncture."). Indeed, WMATA itself has moved to strike a plaintiff employee's summary judgment opposition filing for failure to comply with a case management order. See, *King v. Wash. Metro. Area Transit Auth.*, Civil Action No. TDC-14-2752, 2016 U.S. Dist. LEXIS 24870, at *6-7 (D. Md. Feb. 26, 2016). A district court's decision whether or not to strike non-compliant filings is reviewed on an abuse of discretion standard. *FDIC v. Cashion*, 720 F.3d 169, 173-74 (4th Cir. 2013).

The Court should exercise that discretion to strike WMATA's non-compliant filing. The failure to adhere to these mandatory procedures is not harmless. The obvious purpose of the process set forth in the Case Management Order is to try to distill the basis for a Motion for

Summary Judgment to those facts which truly are "undisputed." Here, predictably, WMATA instead spins the record evidence in its favor, asking the Court to resolve disputes and draw inferences which are properly the province of the jury. Just one of many examples is WMATA's assertion on page 7 of its Memorandum that "Kirksey also had a reputation in both CMNT and later as a Maintenance Manager in the ROCC as a difficult supervisor. Kirksey was particularly seen as being rude to his direct reports and difficult to work with among his supervisors." WMATA uses this to partially justify why his managers did not consider him for certain promotional opportunities. Notably, Defendant provides *no* citation to any record evidence for this assertion, which is not only genuinely disputed by Plaintiff but is inconsistent with his documented performance evaluations by his managers for this period of time, which rated him as a "Solid Performer" who "helped to significantly improve the overall safety of the Greenbelt Annex" and provided "stellar customer service to our internal and external customers by following through on job requests until completed and consistently conveyed a professional image while representing WMATA." [Ex. 1, 7/1/22 Manager Evaluation].

Summary judgment is not a right owned by a defendant, but rather a procedure which properly employed is used where there truly are *no* material facts disputed and upon which a jury could rely to find for the Plaintiff. Defendants seeking such relief should comply with the procedures set forth by the Court to show that it is truly appropriate in that instance. The failure to do so should forfeit that opportunity. Plaintiff should not be required to spend time and money responding to a dispositive motion that does not comply with the substance and procedures set forth by the Court's orders. Nor should WMATA be allowed to merely re-file a new and compliant Motion. The deadline for filing dispositive motions has passed, and if the only consequence from a party's failure to comply with Court orders in the first place is a "do

over" which only results in more delay and costs to the parties, then there is no real incentive to play by the rules established at the outset. If a plaintiff waited until the brink of the close of discovery and then filed a motion to compel which did not comply with the mandatory procedures set forth in the local rules for such motions, the Court would strike it and likely declare the discovery period to be over. There is no reason to treat a defendant's failure to adhere to the proper summary judgment procedures differently.

For these reasons, the Court should strike WMATA's July 27, 2026 Summary Judgment Motion. While considering this Motion to Strike, the Court should also stay any further briefing on that non-compliant Summary Judgment filing.

Respectfully submitted,

/s/

RICHARD A. SALZMAN (MD Bar No. 15840)
HELLER, HURON, CHERTKOF & SALZMAN
1010 Wayne Ave.; Suite 510
Silver Spring, MD 20910
(202) 293-8090
Fax: (202) 293-7110

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Strike was served via CM/ECF on August 19, 2026, on:

Michael K. Guss (MD Bar No. 17040)
Senior Counsel
WMATA- Legal Department
P.O. Box 23768
Washington, D.C. 20026-3768
Direct Dial: (202) 962-1468
Mobile Phone: (240) 460-7642
mkguss@wmata.com

*Counsel for Defendant*

*/s/* Richard A Salzman
Richard A Salzman